SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ                                           1 The Circle, Suite 2
RESIDENT JUDGE                                          GEORGETOWN, DE 19947

March 30, 2022

Raul Marquin-Mendoza
SBI #00822318
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19809

Daniel A. Strumpf, Esquire
Office of Defense Services
14 The Circle, Second Floor
Georgetown, DE 19947

Nichole Gannett, Esquire
Deputy Attorney General
Department of Justice
13 The Circle
Georgetown, DE 19947

> Re:   *State of Delaware v. Raul Marquin-Mendoza*
>       Def. ID No. 2007008766
>       Motion for Postconviction Relief (R-1)
>       Motion for Postconviction Counsel

Dear Mr. Marquin-Mendoza and Counsel:

On September 14, 2021, I accepted a guilty plea from Raul Marquin-Mendoza

("Movant") to one felony charge: Child Sex Abuse in the above-referenced case.

That same day, I sentenced Movant to twenty-five (25) years of incarceration at

Level 5 (with credit for 423 days previously served), suspended after twelve (12) years for ten (10) years at Level 3, and I imposed numerous other conditions.

Movant did not take a direct appeal to the Delaware Supreme Court, and has filed no other motions or petitions seeking relief from the judgment in state or federal court.

On March 15, 2022, Movant filed a Motion for the Appointment of Postconviction Counsel ("PCC") (the "PCC Motion") and his first *pro se* Motion for Postconviction Relief (the "Rule 61 Motion") (collectively, the "Motions").

**PCC Motion**

Rule 61 provides that I *shall* appoint postconviction counsel for Movant for his first timely Rule 61 Motion if it seeks to set aside, *inter alia*, a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 Del. C. §4205(b).[1]  In this case, although this is Movant's first Rule 61 Motion, and is timely filed within one year,[2] there was no judgment of conviction, after a trial,

---

[1] Super. Ct. Crim. R. 61(e)(2)(i).

[2] In this case, under Super. Ct. Crim. R. 61(m)(1), Movant's conviction became final for purposes of Rule 61 thirty (30) days after I imposed sentence on September 14, 2021, because he did not file a direct appeal. Movant filed his *pro se* Rule 61 Motion on March 15, 2022, well within the one-year period thereafter.

affirmed by direct appellate review, notwithstanding the class of the felony. Thus, I am not obligated to appoint postconviction counsel for Movant.

Rule 61 further provides that I *may* appoint counsel for Movant for his first timely Rule 61 Motion if it seeks to set aside a judgment of conviction that resulted from a guilty plea (as in this case) only if I determine that: (i) the conviction has been affirmed by final order upon direct appellate review; (ii) the Rule 61 Motion sets forth a substantial claim that Movant received ineffective assistance of his trial counsel in relation to his guilty plea; (iii) granting the Rule 61 Motion would result in vacatur of the judgment of conviction for which Movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of postconviction counsel.[3] In this case, although this is Movant's first timely Rule 61 Motion, there was no direct appellate review, Movant's claims about the ineffective assistance of his trial counsel are insubstantial, and there are no other exceptional circumstances that warrant the appointment of postconviction counsel. The Motion to Appoint Postconviction Counsel is therefore **DENIED**.

### Rule 61 Motion

In the Rule 61 Motion, Movant asserts three (3) grounds for postconviction relief. The first two grounds relate to the alleged ineffective assistance of counsel

---

[3] Super. Ct. Crim. R. 61(e)(3).

("Trial Counsel") as follows: (1) coercion of Movant by Trial Counsel to accept a guilty plea, and (2) failure by Trial Counsel to appropriate the resources necessary to investigate the charges and prepare for the guilty plea and sentence. The third ground asserts that: (3) I illegally imposed an excessive sentence on Movant. I first address grounds (2) and (3).

Ground (2) is stated in a very vague and conclusory manner, and sets forth no objective facts to support its assertions. Under Rule 61, if it plainly appears to me from the Rule 61 Motion and the record that Movant is not entitled to relief, I may enter an order for the summary dismissal of the Rule 61 Motion.[4] In my view, ground (2) fails to set forth a substantial claim that Movant received ineffective assistance of Trial Counsel the resources appropriated to his defense. Therefore, I summarily dismiss ground (2) and, with respect to ground (2), the Rule 61 Motion is **DENIED**.

Ground (3) is really a Motion for Reduction of Sentence,[5] and I will treat it as such. However, it was filed more than 90 days after sentencing, and there are no "extraordinary circumstances",[6] thus it is procedurally barred.[7] Nonetheless, I note

---

[4] Super. Ct. Crim. R. 61(d)(5).
[5] Super. Ct. Crim. R. 35(b).
[6] 11 Del. C. §4217
[7] Super. Ct. Crim. R. 35(b).

4

that the sentence which I imposed on Movant is exactly the sentence that he and the State agreed to, is authorized by statute, and is in keeping with the applicable sentencing guidelines. The Rule 61 Motion is therefore **DENIED** with respect to ground (3).

With respect to ground (1), related to Movant's guilty plea, this letter is to advise Trial Counsel that he shall submit an Affidavit addressing ground (1) on or before **Friday, April 29, 2022**.

Upon my receipt of Trial Counsel's Affidavit, I will decide whether the record needs to be further expanded to include a Response from the State and a Reply from Movant, and whether an evidentiary hearing is required.

**IT IS SO ORDERED.**

Very truly yours,

/s/Craig A. Karsnitz, Resident Judge

cc:     Prothonotary